1

2

3

4                         UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ABDUL AZIZ, aka Antoine Brown,          Case No.  15-cv-02487-JST (PR)
     K35457,

8                        Plaintiff,           **ORDER OF SERVICE**

9            v.

10   J. CRUZEN, et al.,

11                       Defendants.

12

13          Plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP")

14   proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  Plaintiff has been granted

15   leave to proceed in forma pauperis in a separate order.  His complaint is now before the Court for

16   review under 28 U.S.C. § 1915A.

17                                      **DISCUSSION**

18   **A.      Standard of Review**

19          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  See 28

21   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

22   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23   monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

24   (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

25   Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

26          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28   statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

United States District Court
Northern District of California

which it rests.'" <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff is a practicing Muslim.  As part of his religious beliefs, plaintiff must pray five times daily at specified times.  Plaintiff also believes that he will receive at least 25 times more blessings during a congregational prayer than during individual prayer.  After plaintiff was transferred to SQSP in 2012, he began to offer congregational prayer with up to 30 Muslim prisoners in SQSP West Block.  At some point thereafter, SQSP staff created a rule prohibiting SQSP Muslim inmates from offering congregational prayer in groups of more than 4 inmates at a time.

On September 22, 2013, non-defendant Correctional Sergeant Dutton prohibited plaintiff and other Muslim prisoners from offering congregational prayers of more than 4 prisoners during "open dayroom" even though a group of about 25 Christian prisoners was simultaneously offering a congregational prayer and was not interrupted by correctional staff.

Plaintiff and other Muslim prisoners filed a group administrative grievance, complaining that they were being discriminated against based on their religion.  At the third level of review, plaintiff's appeal was granted, and the complaint was referred to the Religious Review Committee. On May 14, 2014, the Religious Review Committee decided to allow Muslim prisoners at SQSP to participate in congregational prayer of no more than 15 prisoners during "open dayroom."

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Beginning on June 28, 2014, plaintiff and other Muslim prisoners offered congregational

2  evening/sunset prayer every day without incident until July 25, 2014.  On July 25, 2014, plaintiff

3  and approximately 14 other Muslim prisoners began their congregational prayer.  Before they

4  were finished, defendants Correctional Officers J. Cruzen, C. Caldera, R. Christensen, and D. Ogle

5  interrupted the prayer group.  Cruzen issued a direct order for plaintiff and the others to stop.  One

6  of the Muslim prisoners told Cruzen that a group appeal had been granted and that they were

7  authorized to perform congregational prayers.  Cruzen angrily responded that the appeal had been

8  rescinded, and they were not allowed to have more than 4 people praying.  Even after Cruzen was

9  shown a copy of the granted appeal and the memorandum authorizing Muslim prisoners to engage

10  in congregational prayer of up to 15 people, Cruzen stated that it did not matter and insisted that

11  the Muslim prisoners needed to leave.  Cruzen's behavior began to turn hostile, and all defendants

12  placed their hands on their batons as if threatening to physically assault plaintiff and the Muslim

13  prisoners.

14  Liberally construed, plaintiff has stated cognizable claims that defendants violated the

15  First Amendment Free Exercise Clause, First Amendment Establishment Clause, First

16  Amendment right against retaliation, Fourteenth Amendment right to equal protection, and the

17  Religious Land Use and Institutionalized Persons Act.

18  To the extent plaintiff seeks to bring this action on behalf of other Muslim inmates at

19  SQSP, he is advised that plaintiff has no standing to complain about problems experienced by

20  another inmate.  "[A] litigant appearing in propria persona has no authority to represent anyone

21  other than himself."  Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).  This action will be

22  limited to plaintiff's individual claims only.

23  **CONCLUSION**

24  For the foregoing reasons, the Court orders as follows:

25  1.  The Clerk of the Court shall issue summons and the United States Marshal shall

26  serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this

27  order upon the following defendants at SQSP: Correctional Sgt. J. Cruzen, Correctional Officer C.

28  Caldera, Correctional Officer R. Christensen, and Correctional Officer D. Ogle.

3

1    The Clerk shall also mail a courtesy copy of the complaint and this order to the California

2    Attorney General's Office.

3        2.    In order to expedite the resolution of this case, the Court orders as follows:

4        a.    No later than **91 days** from the date this Order is filed, defendants must file

5    and serve a motion for summary judgment or other dispositive motion.  If defendants are of the

6    opinion that this case cannot be resolved by summary judgment, defendants must so inform the

7    Court prior to the date the motion is due.  A motion for summary judgment also must be

8    accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely, and adequate notice of what

9    is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir.

10   2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be

11   served concurrently with motion for summary judgment).  A motion to dismiss for failure to

12   exhaust available administrative remedies similarly must be accompanied by a <u>Wyatt</u> notice.

13   <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

14       b.    Plaintiff's opposition to the summary judgment or other dispositive motion

15   must be filed with the Court and served upon defendants no later than **28 days** from the date the

16   motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

17   provided later in this order as he prepares his opposition to any motion for summary judgment.

18   Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-

19   exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

20       c.    Defendants **shall** file a reply brief no later than **14 days** after the date the

21   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

22   hearing will be held on the motion.

23       3.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the

24   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

25   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

26   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

27   any fact that would affect the result of your case, the party who asked for summary judgment is

28   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

United States District Court
Northern District of California

makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 939).

4.      All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

United States District Court
Northern District of California

5

to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.     Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  August 21, 2015



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

6